UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TRISURA SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION FILE |
| vs. | ) NO. ) ) |
| NYRSHA, LLC DBA BAMBOO LOUNGE II, CHIQUITHA DOUGLAS, and BELINDA TROTMAN, | ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Trisura Specialty Insurance Company ("Trisura"), Plaintiff in the above-styled case, and shows the Court the following:

**NATURE OF THE ACTION**

1.

Trisura brings this claim for a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2.

This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under an insurance

1

policy issued by Trisura in connection with the following underlying lawsuits:

(1) *Chiquitha Douglas v. Nyrsha, LLC d/b/a Bamboo Lounge, and ABC Corps 1-3*, Civil Action No. CV20220185, pending in the State Court of Glynn County, Georgia (the "*Douglas* Lawsuit"); and

(2) *Belinda Trotman v. Nyrsha, LLC d/b/a Bamboo Lounge, and ABC Corps 1-3*, Civil Action No. CV20220184, pending in the State Court of Glynn County, Georgia (the "*Trotman* Lawsuit").

(collectively, the "Underlying Lawsuits").

3.

Trisura seeks a declaration that it does not owe a duty to defend or indemnify Defendant Nyrsha LLC DBA Bamboo Lounge II ("Nyrsha") for the Underlying Lawsuits.

**PARTIES**

4.

Plaintiff Trisura is an insurance company that is incorporated in and has its principal place of business in the State of Oklahoma.

5.

Defendant Nyrsha is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 2803 Glynn Avenue, Brunswick, Georgia, 31520. The sole member of Nyrsha is Nitesh Patel, an individual and citizen of Georgia. Because all of Nyrsha's members are citizens of Georgia, Nyrsha is considered a citizen of Georgia for diversity purposes. Nyrsha

299826046v.1

may be served through its registered agent, Nitesh Patel, 2803 Glynn Avenue, Brunswick, Georgia, 31520.

6.

Defendant Chiquitha Douglas ("Douglas") is an individual and a resident of Glynn County, Georgia, and is therefore considered a citizen of Georgia for diversity purposes. Douglas may be served at 925 Lee Street, Brunswick, Georgia 31520-7729, or wherever else she may be found.

7.

Defendant Belinda Trotman ("Trotman") is an individual and a resident of Glynn County, Georgia, and is therefore considered a citizen of Georgia for diversity purposes.  Trotman may be served at 618 Palm Club Circle, Brunswick, Georgia 31525, or wherever else she may be found.  Trotman and Douglas are collectively referred to herein as the "Underlying Plaintiffs."

## JURISDICTION AND VENUE

8.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because it involves a dispute between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

299826046v.1

9.

Venue is proper in this District and in this Division pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the Defendants reside in this judicial district.

## FACTUAL BACKGROUND

### I. The Trisura Policy

10.

Trisura issued policy number OSU1002588-00 to named insured "Nyrsha LLC DBA Bamboo Lounge II" for the policy period of January 29, 2021 to January 29, 2022, (the "Policy"), which provides certain coverage, subject to its terms, exclusions, and conditions, under a "Commercial General Liability Coverage Form" ("CGL Coverage Form"), for those sums that Nyrsha becomes legally obligated to pay as damages because of "bodily injury," "property damage," or "personal and advertising injury" arising out of the ownership, maintenance or use of the premises located at 2717 Glynn Ave, Suite B Brunswick, GA 31520 (the "Premises") and operations necessary or incidental to the Premises.  The Policy's Declarations identify Nyrsha's business as "Restaurants 51% - 75% Liquor without Entertainment."  A complete and correct copy of the Policy is attached as **Exhibit A.**

11.

The CGL Coverage Form is subject to an each occurrence limit of $1 million, and a general aggregate limit (other than products-completed operations) of $2 million. The CGL Coverage Form is modified by a "Limited Assault or Battery Coverage" endorsement (the "Limited Assault or Battery Coverage Endorsement"), which provides certain assault and battery coverage subject to an aggregate sub-limit of $50,000.

12.

Under the CGL Coverage Form, Trisura has a duty to defend an insured against any "suit" seeking covered damages, but does not have a duty to defend against any "suit" seeking damages to which coverage does not apply. Pursuant to the Policy's "Defense Costs Within the Limits of Insurance" endorsement, costs incurred by Trisura in defending an insured against a "suit" seeking damages covered under the CGL Coverage Form are included within the applicable limits of insurance.

13.

The CGL Coverage Form's Conditions section contains a "Duties In The Event Of Occurrence, Offense, Claim Or Suit" provision (the "Notice Provision"), which requires that the Named Insured provide Trisura with notice of an "occurrence" or an offense which may result in a claim as follows:

299826046v.1

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

"You" is defined as the Named Insured shown in the Policy's Declarations, which is Nyrsha.

14.

Pursuant to the Limited Assault or Battery Coverage Endorsement, the CGL Coverage Form is subject to an assault and battery exclusion, which provides that coverage under the CGL Coverage Form does not apply to "[i]njury, damage or loss, however caused, arising, directly or indirectly, out of: 1. Assault; 2. Battery; 3. Any "assault or battery incident" (the "Assault and Battery Exclusion"). "Assault or battery incident" is defined as follows:

> "Assault or battery incident" means harmful or offensive contact between or among two or more persons including, but not limited to, apprehension of harmful or offensive contact or threats or harmful or offensive contact.
>
> An "assault or battery incident" may be:
>
> a.  provoked or unprovoked by any person; and
>
> b.  arise out of or result from any act or omission in connection with:
>
>     (1) Prevention or suppression of an "assault or battery incident";

6

(2) Protection of persons or property;
(3) Negligent hiring, supervision, retention or training of any "employee" of the Insured; or
(4) Implementation of adequate security measures, through security personnel, surveillance or other security devices.

15.

Pursuant to the Limited Assault or Battery Coverage Endorsement, the Policy includes a "Limited Assault or Battery Insuring Agreement," which provides that Trisura will pay "all sums the Named Insured is legally obligated to pay as damages because of 'injury', 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of an 'assault or battery incident' by any insured." The Limited Assault or Battery Coverage applies only if the "assault or battery incident" arises out of Nyrsha's operations; takes place in the "coverage territory;" and occurs during the policy period. Under the Limited Assault or Battery Insuring Agreement, Trisura has a duty to defend an insured against any "suit" seeking covered damages, and may, at its discretion, investigate any "assault and battery incident" and settle any claim or "suit" that may result.

16.

The amount that Trisura will pay for damages and defense costs under the Limited Assault or Battery Coverage is subject to a $50,000 Each Assault or Battery Incident Sub-limit and a $50,000 Annual Assault or Battery Aggregate Sub-limit. Pursuant to the Limited Assault or Battery Coverage Endorsement's Limits of

7

Insurance provision, the $50,000 Annual Assault or Battery Aggregate Sub-limit is the most that Trisura will pay for the sum of all damages and the costs of defense because of all "assault or battery incidents" occurring during the applicable annual period, which is the January 29, 2021 to January 29, 2022 policy period.

17.

Pursuant to the Limited Assault or Battery Coverage Endorsement's Limits of Insurance provision, Trisura "will not pay any claim for damages or the costs of defense after the applicable sublimit of insurance…has been exhausted by payment of judgments, settlements, defense costs, or supplementary payments."

18.

Pursuant to endorsement, the Policy contains a "Firearms or Weapons Exclusion" (the "Firearms Exclusion"), which provides as follows:

> **FIREARMS OR WEAPONS EXCLUSION**
>
> This policy does not apply to "bodily injury," "property damage," "personal and advertising injury," "injury" or medical expense arising out of firearms or weapons or out of any act or omission in connection with the prevention or suppression of firearms or weapons, including failure to warn, train or supervise, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person or failure to render aid and/or notify emergency personnel.

## II. The Underlying Lawsuits

### A. The *Douglas* Lawsuit

19.

On or about August 4, 2022, Douglas commenced the *Douglas* Lawsuit by filing an initial complaint. On or about July 24, 2024, Douglas filed an amended complaint against Nyrsha and ABC Corps 1-3. A complete and correct copy of the amended complaint filed in the *Douglas* Lawsuit is attached as **Exhibit B**.

20.

In the amended complaint, Douglas alleges that Nyrsha owned, controlled, managed, operated, maintained, and/or secured the Premises.

21.

Douglas alleges that on or about January 15, 2022, while she was a patron at the Premises, multiple gunmen were allowed to freely enter the Premises and shoot others, which caused panic and caused other patrons to trample and injure her. Douglas alleges that Nyrsha was negligent as it knew or should have known that criminal activity, including but not limited to shootings were occurring at Premises and in the surrounding area but that Nyrsha failed to warn patrons and failed to provide adequate security at the Premises to keep patrons safe. Douglas asserts causes of action against Nyrsha for: (1) active negligence; (2) premises liability; (3) nuisance; and (4) false imprisonment.

22.

Trisura is currently providing Nyrsha with a defense in the *Douglas* Lawsuit, subject to a full and complete reservation of its rights under the Policy and at law. Complete and correct copies of Trisura's reservation of rights letters for the *Douglas* Lawsuit are attached as **Exhibit C** and **Exhibit D**.

**B. The *Trotman* Lawsuit**

23.

On or about August 4, 2022, Trotman commenced the *Trotman* Lawsuit by filing an initial complaint. On or about July 24, 2024, Trotman filed an amended complaint against Nyrsha and ABC Corps 1-3. A complete and correct copy of the amended complaint filed in the *Trotman* Lawsuit is attached as **Exhibit E**.

24.

In the amended complaint, Trotman alleges that Nyrsha owned, controlled, managed, operated, maintained, and/or secured the Premises.

25.

Trotman alleges that on or about January 15, 2022, while she was a patron at the Premises, multiple gunmen were allowed to freely enter the premises and shoot others, including Trotman, causing injury. Trotman alleges that Nyrsha was negligent as it knew or should have known that criminal activity, including but not limited to shootings was occurring at the Premises and in the surrounding area but

that Nyrsha failed to warn patrons and failed to provide adequate security at the Premises to keep patrons safe. Trotman asserts causes of action for: (1) active negligence; (2) premises liability; (3) nuisance; and (4) false imprisonment.

26.

Trisura is currently providing Nyrsha with a defense in the *Trotman* Lawsuit, subject to a full and complete reservation of its rights under the Policy and at law. Complete and correct copies of Trisura's reservation of rights letters for the *Trotman* Lawsuit are attached as **Exhibit F** and **Exhibit G**.

## COUNT I - REQUEST FOR DECLARATORY RELIEF FIREARMS EXCLUSION

27.

Trisura incorporates and realleges the allegations contained in Paragraphs 1 through 26.

28.

The Policy's Firearms Exclusion provides that the "policy does not apply to 'bodily injury,' 'property damage,' 'personal and advertising injury,' 'injury' or medical expense arising out of firearms or weapons or out of any act or omission in connection with the prevention or suppression of firearms or weapons, including failure to warn, train or supervise, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person or failure to render aid and/or notify emergency personnel."

29.

The Underlying Plaintiffs' alleged injuries arise out of firearms and/or out of acts and/or omissions in connection with the prevention or suppression of firearms.

30.

Because the Underlying Plaintiffs' alleged injuries arise out of firearms and/or out of acts and/or omissions in connection with the prevention or suppression of firearms, the Firearms Exclusion applies and Trisura owes no duty to defend or indemnify Nyrsha under the Policy in connection with the Underlying Lawsuits.

31.

Trisura seeks a judicial declaration that because the Firearms Exclusion applies, Trisura has no duty to defend or indemnify Nyrsha under the Policy in connection with the Underlying Lawsuits.

32.

Additionally, Trisura relies upon all terms, definitions, exclusions, conditions, and endorsements in the Policy not expressly referenced herein that may limit or preclude coverage for the defense and indemnity of Nyrsha in the Underlying Lawsuits.

299826046v.1

## COUNT II - REQUEST FOR DECLARATORY RELIEF
## LIMITED ASSAULT OR BATTERY COVERAGE

33.

Trisura incorporates and realleges the allegations contained in Paragraphs 1 through 26.

34.

The Policy provides Limited Assault or Battery Coverage for "all sums the Named Insured is legally obligated to pay as damages because of 'injury', 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of an 'assault or battery incident' by any insured." The amount that Trisura will pay for damages and costs of defense under the Limited Assault or Battery Coverage is subject to a $50,000 Each Assault or Battery Incident Sub-limit and a $50,000 Annual Assault or Battery Aggregate Sub-limit. The $50,000 Annual Assault or Battery Aggregate Sub-limit is the most that Trisura will pay for the sum of all damages and the costs of defense because of all "assault or battery incidents" that occur during the January 29, 2021 to January 29, 2022 policy period.

35.

The Policy's $50,000 Annual Assault or Battery Aggregate Sub-limit has been exhausted by Trisura's payment of defense costs and settlement payments in connection with one or more lawsuits against Nyrsha and other insureds.

13

299826046v.1

36.

In the Underlying Lawsuits, the Underlying Plaintiffs seek damages for alleged injuries that arise out of the January 15, 2022 shooting incident at the Premises, which is an Assault or Battery Incident. Even if coverage for the Underlying Lawsuits was not excluded in its entirety, any defense and indemnity coverage available would be subject to the Policy's $50,000 Annual Assault or Battery Aggregate Sub-limit, which has exhausted. Accordingly, there is no defense or indemnity coverage available for the Underlying Lawsuits under the Policy's Limited Assault or Battery Coverage.

37.

Trisura seeks a judicial declaration that it has no duty to defend or indemnify Nyrsha under the Policy's Limited Assault or Battery Coverage in connection with the Underlying Lawsuits.

38.

Additionally, Trisura relies upon all terms, definitions, exclusions, conditions, and endorsements in the Policy not expressly referenced herein that may limit or preclude coverage for the defense and indemnity of Nyrsha in the Underlying Lawsuits.

## COUNT III - REQUEST FOR DECLARATORY RELIEF
## ASSAULT AND BATTERY EXCLUSION

39.

Trisura incorporates and realleges the allegations contained in Paragraphs 1 through 26.

40.

The Policy's Assault and Battery Exclusion provides that coverage under the CGL Coverage Form does not apply to "[i]njury, damage or loss, however caused, arising, directly or indirectly, out of: 1. Assault; 2. Battery; 3. Any "assault or battery incident".

41.

The Underlying Plaintiffs' alleged injuries, damages, and loss were caused by and arise out of assault, battery, and/or an "assault or battery incident."

42.

Because the Underlying Plaintiffs' alleged injuries, damages, and loss were caused by and arise out of an assault, battery, and/or an "assault or battery incident," the Assault and Battery Exclusion applies and Trisura owes no duty to defend or indemnify Nyrsha under the Policy's CGL Coverage Form in connection with the Underlying Lawsuits.

43.

Trisura seeks a judicial declaration that because the Assault and Battery Exclusion applies, Trisura has no duty to defend or indemnify Nyrsha under the Policy's CGL Coverage Form in connection with the Underlying Lawsuits.

44.

Additionally, Trisura relies upon all terms, definitions, exclusions, conditions, and endorsements in the Policy not expressly referenced herein that may limit or preclude coverage for the defense and indemnity of Nyrsha in the Underlying Lawsuits.

## COUNT IV - REQUEST FOR DECLARATORY RELIEF
## NOTICE PROVISION

45.

Trisura incorporates and realleges the allegations contained in Paragraphs 1 through 26.

46.

The Policy requires that Nyrsha perform certain conditions precedent in the event of an "occurrence' or an "offense which may result in a claim."

47.

Specifically, as a condition precedent to coverage, the CGL Coverage Form's Notice Provision requires that Nyrsha must see to it that Trisura is notified "as soon as practicable" of an "occurrence" or an "offense which may result in a claim."

16

48.

The shooting incident that occurred at the Premises on January 15, 2022 constitutes an "offense which may result in a claim."

49.

Nyrsha first reported the January 15, 2022 shooting incident to Trisura forty days later on February 24, 2022. Accordingly, Nyrsha failed to provide Trisura with notice of the January 15, 2022 shooting incident as soon as practicable.

50.

Nyrsha does not have a sufficient legal justification for failing to notify Trisura of the January 15, 2022 shooting incident "as soon as practicable" after learning of the same.

51.

By failing to notify Trisura "as soon as practicable" of the January 15, 2022 shooting incident, Nyrsha breached a condition precedent to coverage set forth in the Policy.

52.

Consequently, because Nyrsha breached a condition precedent to coverage under the Policy, Trisura does not have a duty to defend or indemnify Nyrsha in connection with the January 15, 2022 shooting incident or the Underlying Lawsuits.

53.

Trisura seeks a judicial declaration that because Nyrsha breached a condition precedent to coverage under the Policy, Trisura does not have a duty to defend or indemnify Nyrsha in connection with the January 15, 2022 shooting incident or the Underlying Lawsuits.

54.

Additionally, Trisura relies upon all terms, definitions, exclusions, conditions, and endorsements in the Policy not expressly referenced herein that may limit or preclude coverage for the defense and indemnity of Nyrsha in the Underlying Lawsuits.

## **RELIEF REQUESTED**

Plaintiff Trisura respectfully requests that judgment be entered in its favor and against Nyrsha:

(1)  Declaring that the above-referenced Policy provides no policy benefits for the claims against Nyrsha in the Underlying Lawsuits;

(2)  Declaring that Trisura is under no obligation to provide a defense to Nyrsha in connection with the Underlying Lawsuits or any other lawsuit filed in connection with the incidents that are the basis of the Underlying Lawsuits;

(3)  Declaring that Trisura is under no obligation to indemnify Nyrsha in connection with the Underlying Lawsuits or any other lawsuit filed in connection

with the incidents that are the basis of the Underlying Lawsuits;

      (4)    Binding each and every party named party herein by said judgment; and

      (5)    Awarding Trisura its costs, attorneys' fees, and all other just and proper relief to which it may be entitled.

Respectfully submitted this 11th day of September, 2024.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley
Georgia Bar No. 602577

*Counsel for Plaintiff Trisura Specialty Insurance Company*

3348 Peachtree Road NE
Suite 1400
Atlanta, Georgia 30326
Telephone:  (470) 419-6650
Facsimile:  (470) 419-6651
eleanor.jolley@wilsonelser.com

299826046v.1